UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SEIDLER and WILL BINNS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED MAINTENANCE COMPANY, INC., <br><br> Defendant. | Case No. <br><br> JURY TRIAL DEMANDED |

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, Michael Seidler and Will Binns, individually and on behalf of all others similarly situated, for their Class Action and Collective Action Complaint against United Maintenance Company, Inc. (herein, "Defendant"), state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1. This is a collective action under the Fair Labor Standards Act involving janitors whose punched-in times were improperly and detrimentally rounded by Defendant. Defendant' rounding practice deprived janitors of their earned wages and overtime.

### JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. §1331 for the claims brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. This Court's supplemental jurisdiction over Plaintiffs' state law claims are required pursuant to 28 U.S.C.

§ 1367, because those claims are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. This Court has personal jurisdiction over the Defendant for reasons that include:

(a) Defendant conducts business and enters into contracts within the State of Illinois and in this District and with businesses located within the State of Illinois and in this District;

(b) As more specifically pled below, Defendant purposefully originated, implemented and controlled the wage and hour policies and practices that gave rise to the FLSA claims asserted herein, and Defendant purposefully directed their improper wage and hour policies and practices at residents of the State of Illinois and janitors who reside in this District, among other people;

(c) Defendant has purposefully directed the marketing of their janitorial services at residents and businesses located in the State of Illinois; and

(d) Defendant purposefully solicits Illinois businesses to enter into service agreements.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant has offices, conduct business, and can be found in the Northern District of Illinois, and the causes of action set forth herein have arisen and occurred in part in the Northern District of Illinois.

## PARTIES

*i.  Plaintiffs*

5. Plaintiffs, Michael Seidler and Will Binns, are residents of Chicago, Illinois and have worked from approximately December, 2012 through the present as hourly paid, non-exempt janitors for Defendant in this District during the applicable FLSA statute of limitations period. A copy of Plaintiffs' consent forms are attached hereto as Exhibit A.

*ii.    United Maintenance Company, Inc.*

6. UNITED MAINTENANCE COMPANY, INC. is an industry-leading janitorial service contractor with thousands of employees. According to its website, https://www.unitedhq.com//about_us/ourcompany.html, UNITED MAINTENANCE COMPANY, INC. is one of five divisions of United Service Companies; it was founded in 1965; and it conducts business in at least 28 states.

7. At all times relevant, UNITED MAINTENANCE COMPANY, INC. was engaged in the business of, amongst other things, providing janitorial cleaning services, including office buildings, theaters, sports facilities, hospitals, hotels, and commercial kitchens to purchasers of janitorial cleaning services. It also provides janitorial services at Chicago's O'Hare International Airport.

8. UNITED MAINTENANCE COMPANY, INC. is incorporated in Illinois and its corporate headquarters are located at 1550 S. Indiana Ave., Chicago, IL 60605.

9. At all relevant times, UNITED MAINTENANCE COMPANY, INC. was the "employer" of Plaintiffs and members of the putative class, as the term "Employer" is defined under the FLSA, the IMWL and the IWPCA.

10. At all relevant times, UNITED MAINTENANCE COMPANY, INC. directed, imple mented and controlled the wage and rounding policies and practices at issue in this lawsuit. Further, UNITED MAINTENANCE COMPANY, INC. both ratified and imple-

mented the wage and rounding policies and practices on Plaintiffs and the putative class members.

11. During the prior three years, UNITED MAINTENANCE COMPANY, INC. was the "employer" of Plaintiff and certain members of the putative class, as the term "Employer" is defined under the FLSA.

## FACTUAL BACKGROUND

12. Hundreds of janitors employed by the Defendant during the last three years have been instructed to use an electronic daily timekeeping system.

13. Defendant has rounded the actual punch in and punch out times of their janitors during all and/or part of the last three years.

### i. *Defendant' Practice of Rounding Punch Cards*

14. Plaintiffs worked as janitors at O'Hare International Airport in Chicago during the prior three years.

15. While working as janitors at O'Hare Airport for Defendant, Plaintiffs used electronic timekeeping methods.

16. While working as janitors at O'Hare Airport during the last three years, Plaintiffs were instructed by supervisory employees of Defendant, acting under the direction and control of Defendant, to arrive early, before their scheduled shift time, in order to collect their supplies, meet with supervisors and get to their designated areas so that they would be at their designated areas, ready to begin cleaning, at the start time of their regularly scheduled shifts.

17. While working as janitors at O'Hare Airport during the last three years, Plaintiffs would regularly arrive and punch-in for work before the start time of their scheduled shift.

18. While working as janitors at O'Hare Airport during the last three years, Plaintiffs regularly performed work after punching-in, but before the start time of their scheduled shifts, including but not limited to collecting supplies, preparing equipment and meeting with supervisors.

19. While working as janitors at O'Hare Airport during the last three years, Plaintiffs regularly worked through some or all of their thirty minute unpaid lunch breaks.

20. While working as janitors O'Hare Airport during the last three years, Plaintiffs regularly punched-out after the end time of their scheduled shifts.

21. While working as janitors at O'Hare Airport during the last three years, Plaintiffs regularly performed work after the end time of their scheduled shifts, but before punching out, including but not limited to cleaning their equipment, replenishing supplies and returning equipment.

22. During the FLSA statutory recovery period, Defendant adjusted actual punch times to conform with even hours and/or scheduled shift times, which typically resulted in the Plaintiffs and putative class members being paid 40 hours per workweek, or 8 hours per shift.

23. The time records of Plaintiffs were rounded from the actual punched in time to a rounded time in, to their detriment.

24. The time records of Plaintiffs were rounded from an actual punched out time to a rounded time out, to their detriment.

25. At the end of a pay period, employees of Defendant acting under Defendant's direction and control, would round away any minutes recorded on Plaintiffs' time records that were logged prior to the start time, or after the end time, of their regularly scheduled shifts.

The rounded times, not the actual times, were then used to calculate and process payroll for Plaintiffs.

26. During the last three years, Plaintiffs and certain putative class members were regularly not paid for the additional minutes of overtime work performed prior to the start time of their scheduled shifts.

27. During the last three years, Plaintiffs and certain putative class members were not regularly paid for the additional minutes of overtime work performed after the end time of their scheduled shifts.

28. During the last three years, Plaintiffs and certain putative class members were not regularly paid for the additional minutes of overtime work performed during their unpaid lunch breaks.

29. Plaintiffs, Michael Seidler and Will Binns were typically scheduled for forty hours per week and typically worked in excess of their scheduled shift time every work week during their employment with Defendants, but were not paid for their time worked beyond their scheduled shift time. Records and documents indicating the time that Plaintiffs actually worked are in the exclusive possession and control of Defendant.

30. Defendant's practice of rounding janitors' time records is wide-spread and has occurred for a significant period of time during the last three years.

31. The identity of the janitors who used time records can be determined from the time records themselves, which are required to be kept by Defendant pursuant to 29 C.F.R. § 516 and the FLSA.

32. The setting of wage and hour policies and practices for Defendant's janitors is directly established by Defendant and implemented upon the janitors working for UNITED MAINTENANCE COMPANY, INC.

33. At all times relevant herein, Defendant directly originated, controlled and implemented the policy, practice and procedure of disciplining, and ultimately terminating, all hourly janitorial employees who arrive after the start time of their scheduled shift.

34. At all times relevant herein, Defendant directly originated, controlled and implemented the policy, practice and procedure of docking janitors for 15 minutes of time worked if they punched in for work 5 minutes late.

35. At all times relevant herein, Defendant directly established a policy that forbids the payment of overtime to janitors unless it is pre-approved.

36. As a result of Defendant's wage and hour and rounding practices as alleged herein, Defendant benefited from reduced labor and payroll costs which, in turn, increased the earnings of UNITED MAINTENANCE COMPANY, INC.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT – OVERTIME WAGES

### (Brought as a Collective Action by Plaintiffs Michael Seidler and Will Binns, on Behalf of All Others Similarly Situated)

1-37. Plaintiffs re-allege Paragraphs 1 through 36 as and for Paragraph 37 of this Count I.

38. Plaintiffs bring this count as a collective action on behalf of themselves and other similarly situated janitors pursuant to 29 U.S.C. §216(b) to recover unpaid overtime wages, liquidated damages, attorneys' fees and costs, and other damages owed.

39. Plaintiffs and the putative class members are hourly-paid, non-exempt, full-time janitors whom Defendant employed during the three year statutory period and whose daily punch in and punch out time was rounded and/or unpaid as described above.

40. The proposed collective class of similarly situated persons is defined as:

    "All individuals who were or are currently employed by the Defendant, their subsidiaries, affiliates, predecessors and/or successors, as janitors or other similarly titled positions at any time during the relevant statute of limitations whose actual punch-in and punch-out times were rounded to their detriment and who worked forty hours or more during at least one of the weeks within the three year statutory period."

41. Common questions of law and fact exist as to all members of the class and predominate over any questions that affect only individual members of the class. These common questions of law and fact include:

    i) whether Defendant improperly rounded the actual punch-in and punch-out times for janitors; and

    ii) whether Defendant improperly failed to pay janitors for time worked during their unpaid lunch break.

42. Defendant operated under a scheme and practice, as described above, to deprive Plaintiffs and the collective class of overtime compensation and thereby increase their earnings and, ultimately UNITED MAINTENANCE COMPANY, INC.'s profits.

43. Section 207(a)(1) of the FLSA requires that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

44. Plaintiffs and the putative class members were not paid for all hours worked in excess of 40 in a week in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207(a).

45. While punched in, Plaintiffs and members of the collective class were subject to the control of Defendant and engaged in activities that were not undertaken for their own convenience, necessary for the performance of their duties for Defendant and integral and indispensable to their principal activities. Despite this, Plaintiffs and other members of the collective class regularly were required to work "off the clock" as set forth herein that entitled them to compensation therefore.

    a. Prior to Plaintiffs' scheduled shift time, Defendant routinely required and/or permitted Plaintiffs and the putative class members to be on duty, on the premises of or at a prescribed work site of Defendant in the interest of Defendant

    b. During meal periods, which were not time for which Plaintiffs were paid, Defendant required and/or permitted Plaintiffs and the putative class members to work and to remain on duty on the premises or at a prescribed work site in the interest of Defendant.

    c. Defendant required and/or permitted Plaintiffs and the putative class members to routinely work through some or all of their meal periods, without pay.

    d. Defendant required and/or permitted Plaintiffs and the putative class members to be on duty or to remain on duty on the premises or at a prescribed work site of Defendant, after they were punched-out and off the clock, in the interest of Defendant.

46. Defendant's rounding practices violated the overtime provisions of the FLSA because Defendant did not pay the overtime wages for all work performed by Plaintiff and the similarly-situated employees.

47. Defendant's rounding practices as set forth herein violate the record-keeping requirements set forth in Section 29 U.S.C. § 211(c), and in 29 C.F.R. § 516.2(7)-(9).

48. At all times relevant hereto, the action of Defendant to not pay overtime or premium pay for all hours worked over 40 in a week and their failure to keep accurate payroll records was willful in that Defendant knew that the FLSA required them to pay time and one-half for all hours worked over 40 in a workweek and Defendant knew that the FLSA required them to maintain true and accurate records.

49. As a direct and proximate result thereof, Plaintiffs and similarly situated janitors are due unpaid overtime and liquidated damages, pursuant to 29 U.S.C. § 216.

50. Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

51. Plaintiffs estimate that there are at least three hundred fifty (350) putative members of the collective class. The precise number of collective class members can be ascertained by using Defendant' payroll and personnel records.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. Authorize notice at the earliest possible time informing the similarly situated janitors that this action has been filed, of the nature of the action, and of their right to

        opt-in to this lawsuit if they worked regular hours or overtime hours in excess of forty hours in a week during the liability period;

B.     Order the Defendant to furnish to counsel a list of all names and last known addresses of all non-exempt hourly-paid janitors employed by Defendant who currently or previously worked for Defendant in the United States within three years of the filing of the original Complaint, and who used time records, keycards, fingerprint scanners and key-number pads as timekeeping methods and whose time was rounded to their detriment (except those excluded as set forth in para. 88 above);

C.     Declare and find that the Defendant committed one or more of the following acts:

    i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt-in to this action; and

    ii. Willfully violated the overtime provisions of the FLSA; and

    iii. Willfully violated the record keeping provisions of the FLSA;

D.     Award compensatory damages, including all pay owed, in an amount according to proof;

E.     Award liquidated damages on all compensation due accruing from the date such amounts were due;

F.     Award equitable relief by compelling Defendant to cease and desist its policies and practices that violate federal and state statutory wage laws.

G.     Award all costs and reasonable attorneys' fees incurred in prosecuting this claim; and

H.     For such further relief as the Court deems just and equitable.

## COUNT II

## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

**(Brought as a Class Action by Plaintiffs Michael Seidler and Will Binns Individually and on Behalf of All Others Similarly Situated)**

1-52. Plaintiffs re-allege Paragraphs 1 through 51 as and for Paragraph 52 of this Count II.

53. This Count arises from Defendant' willful violation of the IMWL for Defendant' failure to pay Plaintiffs and the class all their earned minimum wages and overtime wages under the provisions of the IMWL. Plaintiffs and the class are current and former employees of Defendant who are due, and who have not been paid, minimum wages and overtime wages.

54. Section 105/4(a) of the IMWL requires employers to pay employees one and one half times their regular rate for all hours worked over 40 per work week. Section 105/12 provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

55. Defendant violated the IMWL by regularly and repeatedly failing to properly compensate Plaintiffs and the similarly-situated employees for the overtime they worked each week.

56. The proposed class of similarly situated persons is defined as:

"All individuals who were or are currently employed by the Defendant, their subsidiaries, affiliates, predecessors and/or successors, as janitors or other similarly titled positions at any time during the relevant statute

        of limitations whose actual punch-in and punch-out times were rounded to their detriment and who worked forty hours or more during at least one of the weeks within the three year statutory period"

57. Defendant's failure to compensate Plaintiffs and the putative class for the full amount for all hours worked violates Section 4(a) of the IMWL. 820 ILCS 105/4(a).

58. Count II is brought pursuant to Fed. R. Civ. P. 23(a) and 23(b) because the class of plaintiffs is so numerous that joinder of all class members is impracticable.

59. The class representatives and the putative class members have been equally affected by Defendant's failure to pay overtime wages.

60. Furthermore, those putative class members still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

61. The issues involved in this lawsuit present common questions of law and fact, specifically:

    i. Whether Defendant's janitors were required and/or permitted to arrive early to work before the start of their scheduled shift times and/or remain at the workplace past the end of their scheduled shift times in order to retrieve, gather and prepare their cleaning supplies and equipment and/or for cleaning and re-supplying their cleaning equipment and supplies; and

    ii. Whether the putative class members were unpaid for their pre-shift and post-shift work.

    iii. Whether the putative class members performed work during at least some of their unpaid lunch breaks.

62. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

63. The class representatives, the class members, and Defendant have a commonality of interest in the subject matter and remedy sought.

64. The class representatives are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to class members, to the Court, and to the Defendant.

65. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

WHEREFORE, Plaintiffs Michael Seidler and Will Binns pray that this Court award the following relief under Count II:

A. Certify a class of individuals who were employed by Defendant as hourly-paid non-exempt janitors in the State of Illinois at any time during the relevant statute of limitations period;

B. Declare and find that the Defendant committed one or more of the following acts:

   i. Violated provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.*, by failing to pay minimum wages to Plaintiffs;

   ii. Violated overtime provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.*, by failing to pay overtime wages to Plaintiffs; and

   iii. Willfully violated minimum wage and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.*

C. Award compensatory damages, including all regular and overtime pay owed, in an amount according to proof;

D. Award interest on all regular and overtime compensation due accruing from the date such amounts were due;

E. Award equitable relief by compelling Defendant to cease and desist its policies and practices that violate federal and state statutory wage laws.

F. Award all costs and reasonable attorney's fees incurred prosecuting this claim; and

G. For such further relief as the Court deems just and equitable.

## COUNT III

### Violation of the City of Chicago Minimum Wage Ordinance - Minimum Wages
### (Plaintiffs Michael Seidler and Will Binns Individually Only)

1-65. Plaintiffs re-allege Paragraphs 1 through 65 as and for Paragraph 66 of this Count III.

66. This count arises from Defendant's violation of the minimum wage provisions of the City of Chicago Minimum Wage Ordinance. Chapter 1-24, Section 1-24-020. Plaintiffs bring this action pursuant to Chapter 1-24, Section 1-24-110.

67. Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1- 24-020, for all time Plaintiffs worked for Defendant, they were entitled to be compensated at the applicable City of Chicago Minimum Wage.

68. Defendant violated the City of Chicago Minimum Wage Ordinance by failing to compensate Plaintiffs at the then applicable City of Chicago Minimum Wage for all time worked in one or more individual workweeks.

15

69. Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110, Plaintiffs are entitled to recover three times the amount of any underpayment, along with costs and reasonable attorneys' fees allowed by the court.

WHEREFORE, Plaintiffs Michael Seidler and Will Binns pray that this Court award the following relief under Count III:

A. A judgment in the amount of Plaintiffs' unpaid minimum wages for all time worked;

B. Punitive damages as set forth in City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

JURY DEMANDED ON ALL COUNTS

Date: February 7, 2019

**Respectfully Submitted,**

**MICHAEL SEIDLER AND WILL BINNS,**

**Individually and on Behalf of All Others Similarly Situated.**

By: /s/ Glen J. Dunn, Jr.
    Glen J. Dunn, Jr.
    One of Plaintiffs' attorneys

| | |
|---|---|
| Jeffrey Grant Brown | Glen J. Dunn, Jr. |
| Jeffrey Grant Brown, P.C. | Glen J. Dunn & Associates, Ltd. |
| 221 North LaSalle Street, Suite 1414 | 121 West Wacker Drive, Suite 1414 |
| Chicago, IL 60601 | Chicago, IL 60601 |
| 312.789.9700 | 312.881.1010 |